## E. T. VA. & GA. RAILROAD v. JAMES R. WHITE.

1. EVIDENCE. *Suit for damages against railroad.* In an action for damages against a railroad company, brought by a party for injury sustained, it is competent to show plaintiff's ability and capacity for labor as well as skill in any particular art or profession, in order to show what he was capable of earning; but it is not error to reject a question which simply calls for the amount of money which the plaintiff made the year previous.

2. RAILROADS. *Lookout. Precautions required by statute.* A lookout must not only be in his place on the locomotive as to be enabled to see ahead, but must also be vigilant and watchful. A lookout who does not see what, with reasonable care and vigilence, should have been seen, would not be in the discharge of his duty.

### FROM GREENE.

Appeal in error from the Circuit Court of Greene county. NEWTON HACKER, J.

H. H. INGERSOLL, A. H. PETTIBONE and GEORGE BROWN for Railroad.

ROBINSON & MALONEY for White.

McFARLAND, J., delivered the opinion of the court.

This is an action by White to recover for injuries received from the railroad train. His declaration places his right to recover upon the alleged failure of the defendants to observe the precautions prescribed by sec. 1166 of the Code, sub-secs. 4 and 5. The proof shows that about 1 o'clock at night at Greeneville

Railroad v. White.

the plaintiff was found lying with his head between the ends of the cross-ties, on the outside of the rails but up close to the rails, his body out from the track; while in this position a passenger train had passed along and inflicted wounds upon the plaintiff for which the action was brought. The engineer testifies that he was on the lookout on the right side of the engine, but did not see any object upon the road. The fireman testifies that he was on the lookout on the left-hand side of the engine, the side upon which the plaintiff lay, and he discovered him just as the engine passed over or by him, but did not notify the engineer; the train was then coming to a stop, and, upon going back, the plaintiff was found apparently insensible. The verdict and judgment were in favor of the plaintiff for $1,000.

The specific errors assigned are:

1. The plaintiff was asked, on cross-examination, how much money he made the year previous to the injury. His counsel objected to the question and the objection was sustained. Upon the question of damages, it would have been competent to show the plaintiff's ability and capacity for labor, as well as his skill in any particular art or profession, in order to show what he was capable of earning, but what money he had in fact made the year previous was not pertinent, and not being strictly competent the court was not in error for rejecting it.

2. The engineer, Maxey, was asked by defendant's counsel if, from his position on the engine as the train was approaching, the plaintiff could have been seen

where he was lying. To this the plaintiff's counsel objected and the objection was sustained. The language of the statute on this subject is: "Every railroad company shall keep the engineer, fireman, or some other person on the locomotive always on the lookout ahead, and when any person, animal or other obstruction *appear* on the road the alarm whistle shall be sounded, the brakes put down," etc. The counsel for the company is correct in assuming that the obstruction ought to *appear* to the person on the *lookout*—an obstruction not *appearing* to or *visible* to *him* would not come within the statute, *provided* he was properly on the lookout. That is to say, as we have held, he ought to be in such position on the locomotive as to enable him to see ahead, and ought to be vigilant and watchful; if not in such position, the statute would not be complied with; but if in proper position, and from that position the object was visible, and yet was not seen, a jury would be well warranted in finding that the person was not on the lookout, that is, that he was not vigilant, otherwise the object would have been seen. A lookout who does not see what, with due care and vigilance, should have been seen, would not be in the discharge of his duty. So that the question, whether, with vigilance, the object could have been seen by the lookout, was pertinent and competent, and the question asked in this case was not objectionable. But it appears that the plaintiff was laying on the left-hand side of the road, on the outside of the rails, where the ground was descending from the track, and the road,

Railroad v. White.

approaching the point of the accident, curves, the point where the plaintiff lay being on the inside of the curve. From which it is apparent that the left-hand side of the engine was a better position for the lookout at that point, and the proof shows that in fact the fireman was on the lookout on that side. Now, if the question had been asked the fireman, whether from his position the plaintiff could have been seen, it would have been error to exclude the question, but the question was not asked this witness. And so if it had been proven by the engineer that, from his position, the object was not visible, or where it could have been seen, this would have been of no avail, provided it could be shown that the object could have been seen from the position of the fireman. True, the fireman says he was on the lookout and did not see it in time, but whether or not it could have been seen sooner from his position, was not asked him. In this view, the rejection of the question put to the engineer is not reversible error.

3. The court charged the following proposition, at the request of the plaintiff's counsel, to wit: "If the jury find that an obstacle appeared or was visible on the road at a distance from the engine, and that the alarm whistle was not sounded nor the brakes put down, and all possible means used to stop the train, the jury will find for the plaintiff, although they may also find that the object was not actually seen." This simply means, as we understand it, that if the object was visible from the position of the lookout on the engine, that is to say, if with vigilence it could have

been seen, and was not, the jury should find that the lookout was not in the discharge of his duty; that is, as we have said, a lookout who does not see what he should have seen, was not the lookout presented by the statute. There was, therefore, no error in the charge.

It is next objected that the damages are exorbitant. It does appear to our satisfaction, although the plaintiff denies it, that he was intoxicated and lay down and fell asleep in the position he was found, and certainly a party who brings the injury upon himself, by such gross misconduct and negligence, ought not to receive much favor from the court, but even in a case of this character the statute makes the railroad liable, unless it proves its compliance with the strict letter of the statute, the negligence of the plaintiff going only in mitigation of damages.

If the testimony of the plaintiff and his witnesses is to be believed, his injuries are so serious as to justify the amount of the verdict as actual damages. Although some of this testimony we think should have been taken with much allowance, yet the credit to be given to it was for the jury to determine.

The judgment must be affirmed.