[No. 16732.    Department Two.    November 29, 1921.]

LAURENA T. ANDRUS, *Respondent*, v. R. O. CHURCH *et al., Appellants*, GENEVA JOHNSON, *Defendant*.[1]

SCHOOLS AND SCHOOL DISTRICTS (51) — TEACHERS — REMOVAL — NOTICE AND HEARING—SUFFICIENCY. The action of a board of school directors in discharging a teacher after consideration of charges against her was upon sufficient notice, assuming the necessity of notice under Rem. Code, § 4481, where she had two hearings before the board, did not dispute the facts, had agreed to resign, and had demanded no further hearing.

SAME (52)—REMOVAL—ACTION FOR DAMAGES. A school teacher who has been discharged by a board of school directors without sufficient cause has a right of action for damages for breach of contract.

Appeal from a judgment of the superior court for Grays Harbor county, Sheeks, J., entered May 20,

[1]Reported in 201 Pac. 917.

1921, reversing on certiorari an order of the directors of a school district discharging a teacher from employment. Reversed.

*George Acret* and *R. A. Lathrop,* for appellants.
*Vance & Christensen,* for respondent.

Hovey, J.—This is an appeal from the judgment of the superior court, rendered upon a writ of review, in an action wherein the respondent, Laurena T. Andrus, a school teacher, sued the appellants Church *et al.,* as directors of the school district, and the defendant, Geneva Johnson, as county superintendent of schools, seeking to review the action of the appellants in discharging the respondent when her term of school was only partly completed.

After issuing the writ and upon return thereto, the superior court heard evidence on behalf of the appellants, and at the conclusion thereof, entered a judgment holding that, because no notice had been given of the hearing upon the charges preferred against the respondent, the action of the directors was void, and that judgment set aside the orders which had been made.

Although the county superintendent had been made a party, she was dismissed from the proceeding with her costs.

The evidence introduced at the hearing showed that the respondent had been employed by the appellants for the school year commencing on the first Monday in September, 1920. The school in which the respondent was to teach employed two teachers, the respondent being the principal. Shortly after she commenced her work, the respondent got into a controversy with her fellow teacher and a pronounced feud was inaugurated

which extended to the pupils in general. The directors were drawn into the controversy and called in the defendant superintendent for advice. The respondent was called before the board and the trouble discussed with her and with the other teacher, who was also present. Matters got no better, and a second meeting was held about a month later, and at this meeting the respondent agreed that, if she could not handle the matter, she would resign. It appeared quite clearly from the testimony that the respondent was incapable of handling the situation that she then had to deal with, although she may have been successful in teaching elsewhere, that the discipline of the school was very bad, and that a situation had developed which made further operation of the school impracticable under the then conditions.

After this last meeting matters got no better, and in the month of January the directors met and came to the conclusion that the best thing to do was to discharge both teachers. They therefore saw each teacher in turn. The other teacher agreed to resign, and the respondent agreed to resign and started to write her resignation, but pleaded that she was too much upset to do it at that time and she would do it in the evening. Thereafter respondent changed her mind and refused to resign, and all parties came to Olympia and laid the matter before the state superintendent, where they were advised their proceedings were irregular. Thereafter the appellants entered a formal order discharging the respondent.

At this time the performance of the contract has been rendered impossible by the lapse of time, and we assume that the only question to be settled is the legal position of the parties whereby the right of the respondent to recover for the damages, if any, which she may have suffered by reason of the breach of her con-

tract, if such breach be found to be unlawful, may be established.

Our statute (Rem. Code, § 4481), reads as follows:

"Every board of directors, unless otherwise specially provided by law, shall have power and it shall be its duty:

"First. To employ, for not more than one year, and for sufficient cause to discharge, teachers, and to fix, alter, allow and order paid their salaries and compensation. The directors, except in districts of the first class, shall make with each teacher employed by them a written or printed contract, which shall be in conformity with the laws of this state, and every such contract shall be made in duplicate, one copy of which shall be retained by the school district clerk and the other shall be delivered to the teacher after having been approved and registered by the county superintendent as by law required. . . . ."

There is no provision in the statute for any hearing or for the procedure to be adopted by the board in case they wish to forfeit a contract, and the question now confronting us never seems to have been passed upon by this court.

In our earlier cases suits were permitted by teachers on their contracts in the courts in the first instance, the same being cited in the dissenting opinion to *Van Dyke v. School District*, 43 Wash. 235, 86 Pac. 402. In the majority opinion in that case it was held, however, that the action would not lie in the first instance in the superior court, but that appeals would have to be taken first to the county superintendent and then to the state superintendent, under the provisions of § 2318, Bal. Code. This section is now superseded by § 4707, Rem. Code, which provides that, in matters involving the construction of contracts, appeal shall be taken to the court of the proper resort.

In the case of *State ex rel. Barnard v. Board of Education,* 19 Wash. 8, 52 Pac. 317, 67 Am. St. 706, 40 L. R. A. 317, we held that, in a controversy between a teacher and a district board, a member of the board who has expressed hostility toward the teacher and has become a partisan is not qualified to sit in judgment.

In *State ex rel. Caffrey v. Superior Court,* 72 Wash. 444, 130 Pac. 747, we held that, where the county superintendent had become a partisan in a controversy, she would be disqualified to sit as the reviewing officer, and it was upon the principle of that case that the present proceeding was instituted directly in the superior court.

We come first to consider what is meant by the power of the board to dismiss "for sufficient cause." Assuming, without deciding, that notice and a hearing are necessary, we now approach the question as to what notice is necessary and as to whether the respondent had such notice as fairly apprised her of what was taking place and of the grounds of the action of the directors. In this case the respondent had two hearings before the board, and while it is true that no witnesses were called, neither side demanded them, but the question at issue was fully discussed. The respondent demanded no further hearing, and it appears from the testimony so far introduced, respondent did not dispute the facts upon which the board was acting. In her second interview, respondent so far accepted the situation as to agree to resign if conditions did not improve, and in her third interview did agree to resign, and, in our opinion, she had sufficient notice of the facts prompting the board and an opportunity to be heard if she so desired. Of course, she is not bound by the action of the board if they are proceeding contrary to the facts, and in an action upon her contract she can

recover damages, if any, if the board breached the contract without sufficient cause.

We think that the judgment entered in this cause was erroneous, and the cause will be reversed and the action dismissed.

Appellants will recover costs.

PARKER, C. J., MAIN, HOLCOMB, and MACKINTOSH, JJ., concur.