[No. 17214. Department Two. June 28, 1922.]

THE STATE OF WASHINGTON, *on the Relation of Board of Directors of School District No. 306, Thurston County, Appellants,* v. JOSEPHINE CORLISS PRESTON, *as Superintendent of Public Instruction, Respondent.*[1]

SCHOOLS AND SCHOOL DISTRICTS (51)—TEACHERS—REMOVAL—NOTICE AND HEARING—NECESSITY. A teacher has no right to a formal hearing before a discharge, under Rem. Comp. Stat., § 4776, providing that the school directors may dismiss teachers "for sufficient cause"; there being a right of appeal to the county superintendent under Id., § 5065.

SAME (51)—TEACHERS—REMOVAL—ORDERS OF SCHOOL BOARD—REVIEW—STATUTES. On appeal from an order of school directors discharging a teacher, under Rem. Comp. Stat., § 5065, the county superintendent hears the case *de novo;* § 5068, providing for a trial *de novo* before the board of county commissioners, being repealed by the 1919 amendment of § 5065, abolishing appeals to county commissioners.

SAME (51)—REMOVAL—COMPETENCY OF TEACHER—EVIDENCE—SUFFICIENCY. An order of school directors discharging a teacher is sustained where it appears that he was unable to maintain discipline and did not succeed in teaching several subjects so as to qualify pupils to the extent called for by the course of study.

Appeal from a judgment of the superior court for Thurston county, Wilson, J., entered September 30, 1921, affirming on certiorari an order of the superintendent of public instruction in reversing an order of the directors of a school district discharging a teacher from employment. Reversed.

*Roscoe R. Fullerton* and *Nat U. Brown,* for appellants.

*The Attorney General* and *O. R. Schumann, Assistant (P. M. Troy* and *Geo. F. Yantis,* of counsel), for respondent.

[1]Reported in 208 Pac. 47.

HOVEY, J.—R. J. Baldwin was employed by the appellant school directors as principal and teacher of the Little Rock school, under a contract for nine months, commencing September 6, 1920. Appellants discharged Baldwin on January 29, 1921, and the latter appealed to the county superintendent, where a full hearing was had, and on April 7 the county superintendent affirmed the order of the board of directors. Baldwin then appealed to the state superintendent of public instruction, and the latter, on July 21, 1921, reversed the order of the county superintendent. The superior court of Thurston county, upon writ of review, affirmed the order of the superintendent of public instruction, and an appeal was taken to this court. The state superintendent of public instruction refused to consider the case upon its merits, but held that, inasmuch as no notice was given nor trial had by the appellant directors, their action is void and the order of the county superintendent is without effect.

In the recent case of *Andrus v. Church,* 117 Wash. 627, 201 Pac. 917, the point was raised whether under our statute, § 4776, Rem. Comp. Stat., which provides among the powers of boards of directors "To employ, for not more than one year, and for sufficient cause to discharge, teachers," a teacher has the right to a formal hearing and trial before he or she may be discharged, notwithstanding the fact that ample grounds may exist for such action. We found it unnecessary to decide the question in that case, as we held that the teacher there did have ample notice. In the present case it appears the teacher had several conferences with the board and was advised to some extent of their complaints, but the matters do not seem to have been gone into as fully as they were in the former case, and at the time he was discharged the teacher demanded a trial.

A teacher is an employee and not a public officer. *Board of Education of Doerun v. Bacon,* 22 Ga. App. 72, 95 S. E. 753, in which case the supreme court of Georgia has fully reviewed the authorities. Voorhees on The Law of Public Schools, p. 164. They are employed in this state by contracts for definite periods, with the teacher as one party and the board of directors of the school district as the other. In the absence of express legislation, we do not think it can be successfully maintained that one party to a contract must sit as a tribunal before exercising its privilege of terminating it. Of course, if the contract is terminated wrongfully, the district is liable for the damages suffered, but we hold that the use of the words ''for sufficient cause'' is simply a limitation upon the power to discharge given by the same section. The investigation which the board may see fit to make is within its own discretion. It should, and probably will where practicable, discuss matters with the teacher before acting.

Under our present statute, however, the teacher is not without remedy, as by § 5065, Rem. Comp. Stat., right of appeal to the county superintendent is given from any decision or order of the board of directors, and the procedure is covered by §§ 5066 to 5068, Rem. Compiled Statutes, inclusive. It is contended by the respondent that as § 5068, Rem. Compiled Statutes, contains express provision for trial *de novo* before the board of county commissioners in the matters they review, no such procedure can be followed before the county superintendent; but we think that this does not follow, as it is provided that the county superintendent shall hear testimony, may administer oaths, summon witnesses and demand records.

It should be noted in this connection that by an amendment of § 5065, made by the Laws of 1919, p. 222, § 23, ch. 90, appeals to county commissioners are abolished and the subjects formerly assigned to that board are now reviewable by the superior court.

We consider that, in adopting this view of the law, we are but following *Van Dyke v. School District*, 43 Wash. 235, 86 Pac. 402. It is true that the statute providing for the appeal and the hearing before the superintendent construed in that case, being § 2318, of Bal. Code of 1897, has since been superseded by the sections referred to above, but there has been no change relative to the powers of the board of directors, and the provisions for appeal and hearing are if anything more complete under the present law than they were under the former one. As said in that case: "We think this procedure was intended to afford the primary course for relief, however summary or informal may have been the action of the board of directors."

The view we take is contrary to several law writers, among them being Voorhees on The Law of Public Schools, p. 160. We have examined the cases cited in support of the text, and also the other cases cited by respondent, and, so far as they support the text, they appear to be based upon statutes which expressly provide for notice or notice and hearing, with the exception of *Butcher v. Charles*, 95 Tenn. 532, 32 S. W. 631, which is based upon *Morley v. Power*, 73 Tenn. 691, where the court takes the position that a school teacher is a public officer. As we have shown, this is contrary to the great weight of authority.

We now come to consider the judgment of the county superintendent upon the facts. It appears that Mr. Baldwin is a man of very considerable education and some fifteen years experience in teaching. It also

quite clearly appears that he was unable efficiently
to teach this particular school. Two grounds of com-
plaint were made, the first being that he could not
maintain discipline. The school consisted of about
twenty pupils regularly attending. Five of these he
suspended, and he told the board if he could get rid
of some more of them he could successfully handle
the school. It is true that these vacancies were re-
placed by new pupils coming in; but without review-
ing the testimony in detail, sufficient was shown to
justify the conclusion that he did not have the charac-
ter and poise needed for that particular situation.

The other ground of complaint was that he did not
succeed in teaching his pupils in several subjects and
qualifying them in their work to the extent called for
by the course of study. This was testified to specific-
ally by one of his fellow teachers and by the principal
who succeeded him.

We are considerably influenced in our views by the
judgment of the county superintendent, who was upon
the ground and heard the witnesses and knew the
parties and the situation. It is complained by respond-
ent that she had advised the appellants to discharge
this teacher and had thus become biased. We fail to
see any evidence of partisan bias in her manner of
conducting the hearing, and in advising the board
she was but complying with the duties of her position.
And we are further mindful that the primary object
to be obtained under these contracts is the successful
teaching of the pupils of the district, and though the
failure of a teacher to make good may not be entirely
due to his own fault, if he does fail he should be free
from any material default in order to recover upon
his contract.

The judgment of the superior court is reversed,
with instructions to reverse the order of the superin-

tendent of public instruction and to direct the latter to affirm the order of the superintendent of Thurston county.

PARKER, C. J., HOLCOMB, and MACKINTOSH, JJ., concur.