PEDRO BRANIZAR, Petitioner and Appellant, v. DR. JOSÉ MENDÍN SABAT, ACTING MAYOR OF ARECIBO, Respondent and Appellee.

No. 5615. Argued November 23, 1931.—Decided January 19, 1932.

28

A. *Reyes Delgado* for appellant. *Bolívar Pagán* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Pedro Branizar, minor surgeon (*practicante*) of the first-aid station of the Municipality of Arecibo, filed in the district court a petition for a writ of mandamus commanding the mayor to reinstate him in his office from which he had been removed. The district court denied the petition and the plaintiff has appealed to this Court.

We have carefully considered the record and the pleadings and in our opinion the judgment appealed from should be reversed, firstly because in the investigation made no due process of law was observed, and secondly because the ground for his removal has so little merit that it is an abuse of discretion to base his removal thereon.

Section 36 of the Municipal Law specifically provides that the mayor is the only officer authorized to remove municipal employees, and that the removal shall be for just cause and the parties concerned shall be granted a public hearing and an opportunity to defend themselves.

In the case before us the mayor acquainted the plaintiff employee with the charges against him, but at the public hearing the witnesses were not examined under oath. We say that they were not so examined, because although the mayor ordered the witnesses to be sworn, the oaths were administered by the municipal secretary who had no authority to do so and over the objection of the petitioner through his attorney.

In the absence of the required oath, it must be concluded that the proceedings were invalid, in accordance with the jurisprudence repeatedly laid down to the effect that in investigations of the character involved in the case at bar, all the witnesses must be sworn. *Morley* v. *Power,* 5 Lea 691 (73 Tenn. 540); *Butcher* v. *Charles,* 95 Tenn. 532, 32 S.W. 631; *People ex rel. Kasschau* v. *Police Com'rs.,* 49 N. E. 257; *Rutter* v. *Burke,* 93 Atl. 842, 849.

But even though the proceedings were valid, the writ of mandamus would still lie, as the ground on which the removal rested is indeed without merit. *Gil* v. *Chardón,* 41 P.R.R. 208. All that the petitioner did to incur the displeasure of the mayor was to allow the premises of the first-aid station in his charge, located on the ground floor of the municipal building, to be used for the holding of a meeting of the members of the Assembly who opposed the mayor in one of those private rivalries among municipal officers so common in this Island and so harmful to the public welfare.

A further ground for the judgment of the trial judge is that the writ of mandamus did not lie because the office of the petitioner had been abolished. The jurisprudence cited by him maintains, indeed, that no writ of mandamus should issue to reinstate an officer whose office has been abolished in good faith, by reason of economy.

But such is not the case here. The petitioner was not ousted from his office by reason of the abolition thereof but because of his removal. He was removed in May, 1930. For the next fiscal year, 1930–31, a budget was approved in which there was appropriated $3,120 for the payment of the services of as many minor surgeons as might be needed, and it is alleged that the office of the petitioner was thus abolished. In the previous budget, that of 1929–30, there was an appropriation of $1,080 for the minor surgeon of the first-aid station and two appropriations of $1,020 each for two minor surgeons for the hospital, making a total of $3,120, that is, a sum equal to the amount appropriated in a single item and

in the manner indicated in the 1930–31 budget. Leaving aside any commentaries that might be suggested by these facts, it must always be concluded that the office of the petitioner existed until June 30, 1930, and therefore, as we have already stated, the petitioner's case is not governed by the jurisprudence cited by the trial judge.

Prayer is made in the petition not only that petitioner be reinstated but also that the mayor, who, it may be said in passing, is not the same one who decreed the removal, be commanded to pay him or cause to be paid to him all the salary accrued and remaining unpaid up to the date of the petition and in addition such salary as might be going to him at the time of the final determination of the action.

It is on this point that consideration might be given to the abolition of the office; but we think that there is a more fundamental ground for refusing the claim in its entirety, and that is that the claim can not be allowed and still less enforced within a mandamus proceeding. *Belaval* v. *Todd*, 24 P.R.R. 765.

The judgment appealed from must be reversed and the case remanded to the district court for further proceedings not inconsistent with this opinion, without special imposition of costs.