Pedro Branizar, demandante y apelante, *v.* Dr. José Mendín Sabat, Alcalde Interino de Arecibo, demandado y apelado.

No. 5615.—*Sometido:* Noviembre 23, 1931.—*Resuelto:* Enero 19, 1932.

*A. Reyes Delgado,* abogado del apelante; *Bolívar Pagán,* abogado del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Pedro Branizar, practicante de la sala de socorros del municipio de Arecibo, pidió a la corte de distrito que expidiera un auto de *mandamus* ordenando al alcalde que lo repusiera en su cargo, del cual lo había destituído ilegalmente. La corte de distrito dictó sentencia declarando sin lugar la solicitud y el demandante apeló para ante este Tribunal Supremo.

Hemos examinado cuidadosamente los autos y los alegatos y a nuestro juicio debe revocarse la sentencia recurrida, primero, porque no se siguió en la investigación practicada el debido proceso de ley y segundo porque la causa de la destitución es tan poco meritoria que constituye un abuso de discreción fundar la destitución en ella.

El artículo 36 de la Ley Municipal expresamente dispone que el alcalde es el único funcionario autorizado para destituir los funcionarios administrativos y agrega que la destitución deberá ser por justa causa concediéndose a los interesados audiencia pública y oportunidad para defenderse.

Aquí se notificaron por el alcalde los cargos al funcionario demandante, pero al celebrarse la audiencia no se examinó a los testigos bajo juramento. Decimos que no se examinó, porque si bien el alcalde ordenó que los testigos prestaran juramento, lo hicieron ante el secretario municipal que carecía de autoridad para ello y con la protesta del peticionario por su abogado.

Faltando el requisito del juramento, debe concluirse que el procedimiento seguido fué ilegal, de acuerdo con la jurisprudencia que repetidamente ha resuelto que en investigaciones de la naturaleza de la que se trata en este caso, todos los testigos deben ser juramentados. *Morley* v. *Power*, 5 Lea 691 (73 Tenn. 540); *Butcher* v. *Charles*, 95 Tenn. 532, 32 S. W. 631; *Kasschau* v. *Police Comr's.*, 49 N. E. Reporter, 257; *People* v. *Police Comr's.*, 155 N. Y. 40, 49 N. E. 257; *Rutter* v. *Burke*, 93 Atl. 842, 849.

█ Pero aunque el procedimiento hubiera sido legal, siempre procedería el *mandamus* porque la causa en que se basó la destitución carece en verdad de mérito. (Gil v. Chardón, Comisionado, 41 D.P.R. 210.) Todo lo que hizo el peticionario para incurrir en el desagrado del alcalde fué permitir que en la Sala de Socorros a su cargo situada en la planta baja del edificio municipal, se celebrara una reunión de concejales contrarios al alcalde en una de las luchas interiores entre los funcionarios municipales que con tanta frecuencia se observan en la Isla y que tan perjudiciales son al bienestar de la comunidad.

Funda el juez sentenciador su sentencia, además, en que el auto de *mandamus* era improcedente porque el cargo del peticionario había sido abolido. La jurisprudencia que cita sostiene en efecto que no se expedirá el auto de *mandamus* para reponer en su cargo a un funcionario que ha cesado a virtud de la abolición del cargo de buena fe, por razón de economía.

Pero ése no es aquí el caso. El peticionario no quedó fuera de su puesto por razón de su abolición, sino por habérsele destituído. La destitución tuvo lugar en mayo de 1930. Para el año económico siguiente, 1930–31, se aprobó un presupuesto en el que se consignaron $3,120 para pago de servicios de practicantes según fueran necesarios y se alega que con ello quedó abolido el cargo del peticionario. En el presupuesto anterior, 1929–30, estaban asignadas la suma

de $1,080 para el practicante de la sala de socorros y dos de $1,020 para dos practicantes del hospital, total $3,120, o sea igual a lo asignado en una sola partida y en la forma indicada en el presupuesto de 1930–31. Dejando a un lado cualquier comentario que lo ocurrido pueda provocar, tiene siempre que concluirse que la plaza del peticionario existió hasta junio 30, 1930 y en tal virtud que no es como antes dijimos el del peticionario el caso a que se refiere la jurisprudencia citada por el juez sentenciador.

La solicitud pide no sólo la reposición del peticionario, si que también que se ordene al alcalde que, dicho sea de paso, no es el mismo que decretó la destitución, que le pague u ordene que se le paguen los sueldos devengados y no pagados a la fecha de la demanda y los que debió devengar hasta la firme resolución del pleito.

En este extremo sí que podría considerarse lo de la abolición del cargo, pero creemos que hay un motivo más fundamental para desestimar la totalidad de la reclamación, y es el de que no cabe hacerla ni menos decretarla dentro del procedimiento de *mandamus*. *Belaval* v. *Todd*, 24 D.P.R. 820.

*Debe revocarse la sentencia apelada y el caso devolverse a la corte de distrito para ulteriores procedimientos no inconsistentes con esta opinión, sin especial condenación de costas.*