[No. 32969. Department One. March 24, 1955.]

THE STATE OF WASHINGTON, *on the Relation of Mary M. Knight School District No. 311, Respondent,* v. PEARL A. WANAMAKER, *as State Superintendent of Public Instruction, Defendant,* DONALD B. BAKER *et al., Appellants.*[1]

[1]Reported in 281 P. (2d) 846.

Smith Troy and Philip W. Richardson (John Spiller and D. F. Wright, of counsel), for appellants.

Delbert W. Johnson and Herbert H. Legg, for respondent.

The Attorney General and Edward M. Lane, Assistant, amici curiae.

OTT, J.—The respondent, Mary M. Knight school district No. 311, Mason county, Washington, had employed the appellants, Donald B. Baker and Flavilla Baker, his wife, as a superintendent and a teacher, respectively, for the school year 1952-1953.

April 9, 1953, the respondent school board, at a special meeting, voted not to rehire the appellants, and directed the clerk of the board to notify them of the action of the board. April 11, 1953, the clerk of the board wrote to each appellant as follows:

"At a special meeting of the board of directors of Mary M. Knight School District No. 311, held at the school house on April 9, it was decided not to renew your teacher's contract for 1953-1954. This was done because members of the board have received many complaints from parents of children in school and they believe it is for the best interest of the community.

"The board will accept your resignation."

May 14, 1953, J. W. Goodpaster, county superintendent of schools of Mason county, notified the respondent school district that, on May 9, 1953, written notices of appeal had been filed in his office by appellants, and directed the district to file a transcript of its records relating thereto.

Thereafter, on May 29, 1953, the county superintendent acted upon appellants' notices of appeal, stating that he was prejudiced because of his prior knowledge of the facts and, therefore, could not hear the case. He gave written notice of this decision to all parties.

June 8, 1953, the appellants appealed to the state superintendent of public instruction. Thereafter, the state superintendent notified the parties of the time and place of the hearing on the appeals, and directed the school board to forward to her a transcript of its proceedings. Upon receipt of the notice, the board appeared specially, challenging the jurisdiction of the state superintendent to hear the cause, and moved for a dismissal. August 21, 1953, the state superintendent denied the motion to dismiss and proceeded to consider the appeals, over the objection of respondent. September 16, 1953, a written decision was filed, granting an appeal to both appellants.

Although the order of the state superintendent stated only that the appeals were granted, respondent interpreted it to mean that the contracts of appellants were reinstated. A petition for a writ of review was filed in the superior court for Mason county September 25, 1953, by respondent. The order granting the writ directed the state superintendent of public instruction to file a transcript of the proceedings had before her. The transcript was filed as directed. The state superintendent made no appearance in the Mason county court proceedings. Donald B. and Flavilla Baker appeared specially and challenged the jurisdiction of the Mason county court.

The cause was heard before the superior court of Mason county November 5, 1953, upon the writ of review and upon the special appearance of the appellants. March 26, 1954, findings of fact and conclusions of law were entered adjudicating that the respondent school district had no other plain, speedy, and adequate remedy at law; that the case was a proper one for review, and that the superior court for Mason county had jurisdiction of the cause. The court also found that the state superintendent of public instruction did not have jurisdiction of the cause, and that

the proper forum, under the facts of this case, was an appeal to the superior court for Mason county, instead of to the state superintendent. The court concluded that there was no basis in law for the determination made by the state superintendent, and that her decision was contrary to law and, therefore, void.

From the judgment of the trial court annulling and vacating the order of the state superintendent, Donald and Flavilla Baker have appealed to this court, presenting three assignments of error.

The first assignment is that the trial court erred in holding that "a school district can fail to renew a teacher's contract for any stated reason and that the teacher is without recourse . . ."

■ RCW 28.58.100 (1) [cf. Rem. Supp. 1943, § 4776] provides:

"Every board of directors, unless otherwise specially provided by law, shall:

"(1) Employ for not more than one year, and for sufficient cause discharge teachers . . ."

The statute is definite and clear. It provides that the maximum tenure of a teacher's contract with the local school district is one year, and also that, in the event a teacher is to be discharged within the year, the contract can be terminated only for sufficient cause. See *Blunt v. School Dist. No. 35,* 12 Wn. (2d) 336, 338, 121 P. (2d) 367 (1942).

■■ Teachers are employees of the district which employs them. They are not public or state officers. *State ex rel. Board of Directors of School Dist. No. 306 v. Preston,* 120 Wash. 569, 208 Pac. 47 (1922); *State ex rel. McIntosh v. Hutchinson,* 187 Wash. 61, 63, 59 P. (2d) 1117, 105 A. L. R. 1234 (1936); annotation, 75 A. L. R. 1352. The legislature has left the question of employment solely within the discretion of the school board and the applicant. No district can be forced, under the statute, to enter into a contract of employment with a teacher against the will of a majority of the board of directors, and, by the same token, no applicant can be forced to teach school in any district against his will. See *State ex rel. Board of Directors of School Dist.*

*No. 306 v. Preston, supra,* and cases cited; *Seattle High School Chapter No. 200 of the American Federation of Teachers v. Sharples,* 159 Wash. 424, 429, 293 Pac. 994, 72 A. L. R. 1215 (1930); *Marion v. Board of Education,* 97 Cal. 606, 32 Pac. 643 (1893); *People ex rel. Fursman v. Chicago,* 278 Ill. 318, 116 N. E. 158 (1917); annotation, 94 A. L. R. 1484; 47 Am. Jur. 376, § 114.

RCW 28.67.070 [*cf.* Rem. Rev. Stat., § 4851, Rem. Supp. 1943, § 4776] provides, in part:

"Every teacher . . . holding a position as such with a school district, whose employment contract is not to be renewed . . . must be notified in writing on or before April 15th preceding the commencment of such term of the decision of the board of directors not to renew his employment and the reason or reasons therefor, and if such notification is not timely given by the district, the teacher . . . shall be conclusively presumed to have been reemployed by the district for the next ensuing term . . ."

By enacting this notice law, the legislature did not in any manner amend RCW 28.58.100 (1), *supra.* That statute still limits the maximum term of a contract to one year.

█ The failure to rehire or to renew a teacher's contract does not constitute dismissal. 47 Am. Jur. 387, § 125. The intention of the legislature with reference to tenure is quite evident from a comparison of the language used in the *notice* statute and the *employment* statute. In the statute requiring the school board to give notice of intention not to rehire (RCW 28.67.070, *supra*), the legislature provides that the board shall simply state its reason or reasons for not rehiring. In the cancellation of employment statute (RCW 28.58.100 (1), *supra*), authorizing dismissal of a teacher, the legislature requires that the board must have "sufficient cause" to discharge.

█ We hold that the reason stated in the notice given appellants by the school board (heretofore quoted) was sufficient to satisfy the requirements of the notice statute (RCW 28.67.070, *supra*).

Had the appellants desired specific information concerning the nature of the complaints, they could have requested

it. There is no indication in the record before us that they made such a request.

We conclude that there is no merit in appellants' first assignment of error. The notices were timely given, the reason stated was sufficient to satisfy the statute, and the teachers did have recourse by appeal to the county super-intendent. See RCW 28.88.020 [cf. Rem. Rev. Stat., § 5065]; *Blunt v. School Dist. No. 35, supra,* p. 338.

Appellants' second assignment of error is that the trial court erred in its conclusion that, upon the county super-intendent's failure to hear an appeal by a teacher, an appeal does not lie to the state superintendent of public instruction.

By RCW 28.88.070 [cf. Rem. Rev. Stat., § 5068], the legis-lature set out the procedure for appeals. That statute pro-vides for only two forums where an appeal from a decision or an order of a school board can be heard *de novo* and a record of the *de novo* proceedings made: (1) the county superintendent of schools, and (2) the superior court of the county in which the cause arose. It specifically provides that an appeal to the state superintendent of public instruc-tion must be on the record only, and that *no new evidence may be admitted.*

 Since the appellants had only two forums available to them for hearing their appeals, and one forum had acted upon the appeals by disqualifying himself, the superior court was the only other tribunal available where the case could be heard *de novo* on its merits.

In *State ex rel. Caffrey v. Superior Court,* 72 Wash. 444, 130 Pac. 747 (1913), this court was confronted with a very similar situation. The county superintendent had been most active in convincing the school board that a teacher should not be rehired. When the teacher was notified by the board that she would not be rehired, she appealed directly to the superior court for the reason that a hearing before a preju-diced county superintendent would be of no avail to her. She elected the only other forum available, the superior court. The same objection was raised in that case that appellants raise here, namely, that, when the county super-intendent is disqualified, the appeal should be to the

state superintendent of public instruction. This contention was held by the court to be without merit (p. 448):

"The allegations in the complaint were sufficient to show that the county superintendent was utterly disqualified to hear an appeal in this case, and since there is no provision for any other person to hear it, the plaintiff is without remedy except in the courts. The superior court, therefore, had jurisdiction to review the order of the board of directors, and determine whether the order was made with or without cause."

See, also, *Andrus v. Church,* 117 Wash. 627, 631, 201 Pac. 917 (1921).

█ The attempted appeals to the state superintendent of public instruction in the case at bar were entire nullities. There was admittedly no record of any proceeding *de novo* upon which the state superintendent could exercise her appellate authority.

We conclude that the trial court did not err in holding that, under the facts and circumstances of this case, there could be no appeal directly to the state superintendent of public instruction, and did not err in concluding that she did not have jurisdiction to hear the cause and that her decision and order were, therefore, null and void.

Finally, appellants contend that the court erred in its conclusion that a writ of review against the state superintendent of public instruction may be heard in a county other than Thurston.

Having concluded that the appellants should have appealed to the superior court of Mason county, being the only remaining forum provided by the legislature where the merits of the cause could be heard, since the county superintendent had acted upon the appeals by disqualifying himself, we do not feel it necessary to discuss this assignment.

The judgment appealed from is affirmed.

HAMLEY, C. J., SCHWELLENBACH, and FINLEY, JJ., concur.

DONWORTH, J., concurs in the result.

---

June 18, 1955. Petition for rehearing denied.