# CITY OF KNOXVILLE BOARD OF EDUCATION v. JAMES Z. MARKELONIS. —460 S.W.2d 362.

Eastern Section.  October 10, 1969.

Certiorari Denied by Supreme Court January 5, 1970.

Robert A. Finley, Knoxville, for appellant.

Asquith, Ailor & Jones, Knoxville, for appellee.

McAMIS, P. J. The Board of Education of the City of Knoxville has appealed from the action of the Chancellor requiring the Board to reinstate Robert Z. Markelonis as a physical education teacher in the Knoxville School System.

The assignments are that the Chancellor erred in holding the notice of the charges made against Mr. Markelonis was not sufficient to apprise him of the nature of the complaint and that the Board acted arbitrarily and illegally in discharging him.

Section 180 of the Charter of the City of Knoxville provides, in pertinent part, as follows:

"(b) The superintendent of schools may prefer charges against any such employee. Such charges shall be in writing but may be in any form and no charge shall ever be dismissed because lacking in form. A copy of said charges shall be delivered to the employees, and a certificate from the superintendent of schools stating that he has delivered a copy of said charges shall be sufficient evidence of delivery. No charge shall be dismissed for insufficiency, but the charges shall state the facts upon which such charge or charges are based and give the time, place, and factual nature in such detail as will appraise (apprise) the employee under charge of the case charged against him, but if after the hearing hereafter provided for, the employee charged submits himself for examination; and after such employee has testified he shall make affidavit:

(1) That he was misled to his prejudice by the insufficiency of the charge, and

(2) That he verily believes that he can obtain sufficient testimony to cause a dismissal of the charge, the evidence so taken shall become the charge, and such employee shall be granted a reasonable time in which to obtain such testimony in his behalf."

On May 2, 1968, the Superintendent of Education of the City of Knoxville wrote Mr. Markelonis a letter containing the following notice of charges against him:

"Number one. Conduct unbecoming your profession, which is Item 11 of Section 180 (a) of the Charter of the City of Knoxville, in that, according to records we have received from the Police Department of the City of

Knoxville, you were *arrested* on November 4, 1967, at 12:15 A.M. for breaking into and burglarizing the Nancy Lynn Fashion Shop at 4402 Asheville Highway, Knoxville, Tennessee. (Emphasis ours)

"Item Two. Bodily infirmity or disease of such nature to endanger the health of those with whom the employee must come in contact, or which renders the employee unfit for work in which he or she may be engaged, which is a part of Item 10 of Section 180(a)."

After a hearing before the Superintendent, as provided by the Charter, at which both the City and the accused, Mr. Markelonis, were represented by counsel the Superintendent sustained both charges. Thereafter, at the instance of Mr. Markelonis the record was certified to the Board for review. That body sustained the findings of the Superintendent and the Chancellor granted the common law writ of certiorari and supersedeas. Trying the case solely upon the record of the hearing before the Superintendent and the Board the Chancellor determined that in sustaining each of the charges the Superintendent and the Board acted arbitrarily and illegally. This appeal resulted.

As to the first charge the Chancellor held that the Accused could make no defense since admittedly he was "arrested" and that there was no evidence to sustain the second charge except hearsay testimony in the form of letters from two physicians. The letters were strenuously objected to at the hearing before the Superintendent but admitted on the representation of counsel for the City that they were not hearsay and were admissible as evidence.

As we understand the record counsel for the City conceded before the Chancellor that there was no legal evidence to sustain the second charge and there is no assignment directed to this holding of the Chancellor. It results that the dismissal of Mr. Markelonis is based in part at least upon arbitrary and, therefore, illegal action by the Superintendent and the Board. Since we can not know to what extent the action of the Board is based upon this vice in its findings, it may be that it is not necessary to go further and determine the propriety of its action on the first charge. However, for the record, we proceed to a consideration of the first charge.

The record shows that on the night of November 4, 1967, at about 2:15 A.M. Mr. Markelonis was arrested by Knoxville police near the Nancy Lynn Fashion Shop in Knoxville under circumstances clearly indicating he had broken into the shop and recoved some items of ladies' clothing. He was arrested and placed in jail overnight and later confined in Eastern State Hospital for psychiatric treatment over a period of three weeks.

Mr. Markelonis was subsequently indicted for burglary but the charge was dismissed without trial. Two of the arresting officers testified before the Superintendent that he was acting irrationally when arrested. No medical testimony was introduced before the Superintendent but such lay testimony as appears in the record indicates that he is now of sound mind and capable of discharging his duties as a physical education teacher or coach. Much of this testimony, including that of parents, is laudatory. Since being relieved of his duties he has accepted other employment but is going periodically to the Knoxville Mental Health Center for consultation with a psychiatrist. Unhappily, as stated, no medical testimony appears

in the record, counsel for the City apparently having taken the erroneous position it was encumbent upon Mr. Markelonis to prove his then mental and physical condition.

■■ Against this background, we pass to the question of the sufficiency of the language of the first charge. It is to be noted at the outset that the accused is not charged with the *act* of breaking and entering the Shop. The charge is that he was "arrested" on this charge. When this was pointed out by counsel for the accused, the Superintendent made the following oral statement:

"I am not concerned with whether or not he was convicted of an offense by a Court. My concern is what was the man's conduct in relationship to a profession, and this is a question that the Hearing Officer will be concerned with in this case. What was the conduct? Was it unprofessional as far as a teacher in concerned? Would it reflect upon his professional posture and effectiveness, if in effect this act took place."

It is insisted for the City that this explanation cured any deficiency in the written charge. We can not agree. The Section of the Ordinance above copied expressly requires the charge to be in writing followed by delivery of the written charge to the accused employee. If so vague as to require oral explanation it was not sufficient notice of the charge and if the explanation be treated as part of the notice it was not wholly in writing as required by the ordinance.

The fact that the ordinance prohibits dismissal because of a "lack of form" can not be given the effect of obviating the necessity for the charge to be in writing. The obvious purpose of a written charge is to give the accused

the benefit of prior knowledge of the charge being made against him so that he can prepare his defense in an orderly way and consult counsel if he so desires. Nor do we think the provision that no charge will be dismissed for insufficiency can be given the effect of dispensing with written notice of time and place when and where the offending conduct occurred and other pertinent information without raising grave questions as to the constitutionality of the ordinance. It is our duty to construe the ordinance if reasonably possible in a way to sustain it as constitutional. State ex rel. Brown v. Grosch, 177 Tenn. 619, 152 S.W.2d 239; Donathan v. McMinn County, 187 Tenn. 220, 213 S.W.2d 173.

█ We are urged to hold that any question of the legal sufficiency of notice is saved by the provision allowing the accused after the hearing to make affidavit that he has been misled. This right, however, is coupled with the necessity of showing that he ''can obtain sufficient testimony to cause a dismissal of the charge.'' This presupposes the Board still has an open mind and that the accused may be fortunate enough to have access to additional evidence. If there is no such evidence the right to a fair trial after due notice is lost. The position advanced by counsel for the City would raise further questions as to the constitutionality of the ordinance.

Though in the minds of some there may be little or no difference, to be arrested for an offense is far different from being guilty. The innocent are not infrequently arrested. The accused could not know from the language of the notice in this case whether the Superintendent considered that for a teacher merely to be arrested was unprofessional and so was not advised of the nature of the charge by a clear and unambiguous written notice.

A teacher in a public school protected by tenure can not be discharged except for one of the causes authorized by the controlling statute or ordinance and after due notice and a fair and impartial hearing as provided by the tenure ordinance or statute. Morley v. Powers, 5 Lea 691, 700; Butcher v. Charles, 95 Tenn. 532, 32 S.W. 631; 47 Am.Jur. 398, Schools, Section 140; Anno. 92 A.L.R.2d 762.

Where the contents of the notice are ambiguous and obscure, so that the teacher is not clearly informed of the nature of the charge, the notice is generally held insufficient. Anno. 92 A.L.R.2d 755.

The Chancellor held the City can still proceed against Mr. Markelonis by instituting a new proceeding before the Superintendent and there is no assignment to this holding by Mr. Markelonis.

Affirmed and remanded at the cost of the Board of Education of the City of Knoxville.

Cooper and Parrott, JJ., concur.