# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
July 7, 2010 Session

## DAVE BRUNDAGE, et al., v. CUMBERLAND COUNTY, et al.

**Appeal from the Chancery Court for Cumberland County**
**No. 2009-CH-271    Hon. Ronald Thurman, Chancellor**

---

**No. E2010-00089-COA-R3-CV - FILED AUGUST 4, 2010**

---

Petitioners filed a Statutory Writ of Certiorari, seeking the review of respondents' action in granting the right to develop a landfill to Smith Mountain Solutions pursuant to Tenn. Code Ann. §68-211-704.  Petitioners did not timely verify their petitions and the Trial Judge dismissed the action on the ground he did not have jurisdiction to entertain the petition.  On appeal, we affirm.

**Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which  CHARLES D. SUSANO, JR., J., and JOHN W. MCCLARTY, J., joined.

Elizabeth L. Murphy, Nashville, Tennessee,  for the appellants, Dave Brundage, Black Cat Lodge, LLC., John Coye, Barbara Coye, David Cobb, Sonja Cobb, Larry Oran, Mary Oran, Lou Devillon, Joan Devillon, Carolyn Jozwiak, and Vincent Jozwiak.

Randal R. Boston, Crossville, Tennessee, for the appellees, Cumberland County and Cumberland County Commission.

William L. Penny, Dianna Baker Shew, and Christina B. Davidow, Nashville Tennessee, for the appellees, Smith Mountain Solutions, LLC.

# OPINION

Petitioners, Dave Brundage, Black Cat Lodge, LLC, et al., filed a Statutory Petition for Writ of Certiorari, seeking judicial review of Resolution 0609-12 adopted by the Cumberland County Commission in June 2009, which allowed Smith Mountain Solutions, LLC, to construct a coal ash landfill on Smith Mountain Road. Petitioners are landowners on Smith Mountain Road, and alleged that Tenn. Code Ann. §68-211-704 (the "Jackson Law") allowed judicial review of the county's approval of the landfill. Petitioners stated that they named Smith Mountain Solutions, LLC, as a respondent because they were a beneficiary of the resolution, and were to pay a "host fee" to the County.

Petitioners made various allegations regarding the way the public meeting was handled, including that the Mayor told Brundage that the landfill was a "done deal" before the public meeting was held, that those who appeared in opposition to the landfill at the public meeting were limited in their ability to speak, and that Smith Mountain Solutions and the County were not truthful with county citizens about the nature and scope of the project.

Respondents filed a Joint Motion to Dismiss, asserting that the petition was not verified by a sworn affidavit as required in Tenn. Code Ann. §27-8-101 *et seq*., and thus should be dismissed. Respondents asserted that Tenn. Code Ann. §27-8-104 and 106 required that a petition for writ of certiorari had to be accompanied by a sworn affidavit.

Petitioners filed an Amended Petition on November 4, 2009, which contained affidavits from the petitioners. Petitioners also filed a Response to the Motion to Dismiss, admitting that the original petition was incorrectly titled, because they were not actually seeking review via writ of certiorari, but rather were seeking review under the provisions of the Jackson Law itself.

Respondents replied, stating that the proper method for seeking judicial review pursuant to the Jackson law was through the use of a statutory writ of certiorari, according to *Tennessee Waste Movers, Inc. v. Loudon County*, 160 S.W.3d 517 (Tenn. 2005).

The Trial Court entered an Order granting the Motion to Dismiss, finding that the writ of certiorari was the proper method for seeking review pursuant to the Jackson Law, and that a properly verified petition had to be filed within 60 days of the decision being reviewed. The Court held that this was not done in this case, and therefore, the Court had no subject matter jurisdiction.

Petitioners have appealed and raise the issue of whether the Trial Court erred in

-2-

dismissing the petition because it did not comply with the requirements for a petition for writ of certiorari?

The Jackson Law, codified at Tenn. Code Ann. §68-211-701 *et seq.*, provides a process for counties to review and approve plans for landfills. The statute provides for a public hearing, and provides criteria for the county to consider in evaluating a landfill plan. Tenn. Code Ann. §68-211-704. The statute also provides that "[j]udicial review of the legislative body's determination shall be a *de novo* review before the chancery court for the county in which the landfill is proposed to be located." Tenn. Code Ann. §68-211-704(c). The Jackson Law provides no other language specifying the process by which judicial review shall proceed.

In *Tennessee Waste Movers, Inc.*, the Supreme Court held that a party seeking review under the Jackson Law properly brought their petition as one for a statutory writ of certiorari. The issue in that case dealt with the proper standard of review to be utilized in a case involving the Jackson Law, and the Court discussed the procedure used in bringing such an action, and how the standard of review differed with common law writs of certiorari, statutory writs of certiorari, and the review provided by the Jackson Law. The Court said:

> the standard of review is not dependent upon the standards of review required by either the common law writ of certiorari or the statutory writ of certiorari. We recognize that TWM properly filed its appeal under a statutory writ of certiorari and that the statutory writ may provide for a form of trial *de novo*. However, "the meaning of 'trial *de novo*' in each statute is . . . dictated by the wording and context of the statute in which it appears and by the nature of the administrative body, decision and procedure being used." In this case the Jackson Law sets forth the standard of review and requires a *de novo* review in landfill permit cases. We hold that the "*de novo* review" required by the Jackson Law permits the trial court to consider any new evidence and requires the trial court to consider the facts and determine the law as if no prior determination had been made. We overrule *Tucker* and reiterate that *de novo* review under the Jackson Law requires the exercise of the chancellor's independent judgment in reviewing the county commission's decision.

*Id.* at 521 (citations omitted).

*Tennessee Waste Movers, Inc.*, is in accord with a prior decision by the Supreme Court in the case of *Cooper v. Williamson County Board of Educ.*, 745 S.W.2d 176 (Tenn. 1987), wherein the Court was asked to determine the proper method of review of an administrative decision made pursuant to the Teacher Tenure Act. The Court explained:

The action of a school board in dismissing or suspending a teacher is an administrative decision. Absent a statute providing the scope and method of review of an action of an administrative body, the available method of review is by a common law writ of certiorari.

> "[The] cases, broadly speaking, recognize the distinction between the writ of certiorari as employed under the common law, for review of the legality of the action of a board or inferior tribunal as within its jurisdiction or powers, and the same writ authorized by statute to be employed, in lieu of an appeal, to review and correct errors of fact and law committed by such inferior tribunal."

*Anderson v. City of Memphis*, 167 Tenn. 648, 652, 72 S.W.2d 1059, 1060 (1934). Compare T.C.A. § 27-8-101 (Supp.1987) (common law writ of certiorari) with T.C.A. § 27-8-102 (Supp.1987) (statutory writ of certiorari available in certain instances). See also T.C.A. §§ 27-9-101, et seq. ; *Davison v. Carr*, 659 S.W.2d 361 (Tenn.1983). Under the common law writ, the scope of review is generally limited to a determination of whether the administrative body acted within its jurisdiction, or acted arbitrarily, capriciously, or illegally. See, e.g., *Hayslip v. Bondurant*, 194 Tenn. 175, 250 S.W.2d 63 (1952); *City of Knoxville Board of Education v. Markelonis*, 62 Tenn.App. 181, 460 S.W.2d 362 (1969). The scope of review under the common law writ does not ordinarily extend to a redetermination of the facts found by the administrative body. As we observed in *Davison v. Carr*, supra:

> "Generally, under common law certiorari, the scope of review is limited to the record to determine as a question of law whether there is any material evidence to support the agency's findings. However, new evidence is admissible on the issue of whether the administrative body exceeded its jurisdiction or acted illegally, capriciously or arbitrarily."

659 S.W.2d at 363 (citations omitted). Cf. T.C.A. § 4-5-322(g) (Supp.1987) (Review of administrative actions under Administrative Procedures Act). See generally Cantrell, Review of Administrative Decisions by Writ of Certiorari in Tennessee, 4 Mem.St.U.L.Rev. 19 (1973).

In contrast, statutory writs of certiorari may provide for some form of a trial *de novo*. "The meaning of 'trial de novo' in each statute is obviously dictated by the wording and context of the statute in which it appears and by the nature of the administrative body, decision and procedure being used." *Pledger v. Cox*, 626 P.2d 415, 416-417 (Utah 1981). Cf. *Griffitts v. Rockford Utility District*, 41 Tenn.App. 653, 298 S.W.2d 33 (1956). The Teacher Tenure Act expressly provides that "[t]he hearing shall be *de*

*novo* and may be on deposition and interrogatories, or on oral testimony." T.C.A. § 49-5-513(g). The statutory scheme involved in this case is more exacting and explicit in prescribing review of administrative actions of a school board than either the comparable section of the Administrative Procedures Act, T.C.A. § 4-5-322, or T.C.A. §§ 27-9-101, et seq. We conclude that these review provisions in the Teacher Tenure Act constitute a species of the statutory writ of certiorari.

*Id.* at 179.

The Jackson Law provides for a *de novo* review but does not set forth any further procedural framework as to how the review should be undertaken.[1]  In keeping with the existing law, the Supreme Court ruled that an appeal under the Jackson Law should proceed as a statutory writ of certiorari.  *See* Tenn. Code Ann. §68-211-704(c); *Tennessee Waste Movers*.  Statutory writs proceed pursuant to Tenn. Code Ann. § 27-8-102, whereas common law writs proceed pursuant to Tenn. Code Ann. §27-8-101.  *See Cooper*, *supra*.  Common law writs only review whether the board acted within its jurisdiction/powers, whereas statutory writs review whether the board made errors of fact or law.  *See Cooper; see also Davison v. Carr*, 659 S.W.2d 361 (Tenn. 1983).

The statutory scheme governing both types of writs provides that a writ can be issued only when "supported by oath or affirmation", and that the petition can be sworn to before the court clerk, a judge, or a notary, and must state that it is the first application for the writ. Tenn. Code Ann. §27-8-104 and 106; *see also Campbell v. Little*, 2009 WL 1362306 (Tenn. Ct. App. May 14, 2009); *Cason v. Little*, 2008 WL 2065194 (Tenn. Ct. App. May 15, 2008)("It is well-settled that the 'sworn to' language found at T.C.A. §27-8-106 requires all petitions for writs of certiorari be verified by an affidavit; otherwise, neither the lower court, nor the appellate court would obtain jurisdiction over the petition.") Moreover, the Tennessee Constitution also mandates that a writ of certiorari be supported by an oath or affirmation. *See Cason.*  The case law consistently holds that the failure of the petitioner to verify the petition as required by the Constitution and the statute is proper grounds for dismissal, as the court does not obtain jurisdiction without a properly verified petition.

In this case, petitioners' original petition was not properly verified.  Petitioners did file the necessary affidavits along with their Amended Petition, but such was not filed until after the 60 days time frame had lapsed from the decision being appealed.  Both common law and statutory writs must also follow the procedural framework contained in Tenn. Code Ann. §27-9-101 *et seq*., which states that the petition must be filed within 60 days from the order

---

[1]Since other statutes already provided the procedure for court review, it was unnecessary for the Jackson Law to set forth the procedure.

or judgment being appealed.  *Davison v. Carr*.

　　We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to appellants.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　HERSCHEL PICKENS FRANKS, P.J.