[S. F. No. 2875. Department Two.—January 7, 1905.]

## JOSEPH H. SCOTT, Respondent, v. EDWARD I. SHEEHAN, Appellant.

OFFICE OF TAX-COLLECTOR—FORCIBLE POSSESSION—OFFICER DE FACTO— INJUNCTION—TITLE NOT INVOLVED.—Where an ineligible person elected to the office of tax-collector, and having the certificate of election, took forcible possession thereof from the incumbent holding over, who believed in good faith that he had the right to retain possession, and resisted such forcible possession, and the court found that the intruder was in possession of the office and was *de facto* tax-collector, when an action was commenced by him to enjoin the incumbent from interfering with him in the performance of his duties, the title to the office was not involved in such suit, and cannot be inquired into, and the defendant by resisting the intrusion and obeying the injunction, has lost none of his legal rights.

ID.—FINDING SUPPORTED BY EVIDENCE.—Where it cannot be said that there was not sufficient evidence before the court to justify its finding that the plaintiff had entered upon the duties of his office, it was proper to enjoin the defendant from interfering with the plaintiff.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Carroll Cook, Judge.

The facts are stated in the opinion of the court.

Garret W. McEnerney, and John S. Drum, for Appellant.

Wal. J. Tuska, for Respondent.

HENSHAW, J.—These appeals are from the judgment and from the order denying defendant's motion for a new trial. The judgment enjoined the defendant from interfering with the position held by the respondent of the office of tax-collector of the city and county of San Francisco and awarding damages and costs of suit.

Sheehan was tax-collector of the city and county of San Francisco; Scott was elected to succeed him. Sheehan in good faith believing that Scott was ineligible to fill the office, and that his election to fill the office was a nullity, and that he was entitled to hold the office until the election and qualification of a person eligible to hold the same, refused to surrender possession of the offices, books and records therein contained, and commenced an action against Scott to contest his election under subdivision 2 of section 1111 of the Code of Civil Procedure. The result of the judgment in that action was a declaration of the ineligibility of Scott, which judgment has been affirmed upon appeal to this court. (*Sheehan* v. *Scott, ante,* p. 684, filed January 4, 1905.) Pending the determination of that action, however, Sheehan being advised that Scott proposed to take summary possession of the offices, barricaded the doors and entrances so as to protect himself in the possession, and it is found that all of the preparations which he made were reasonable and necessary according to his information, to enable him to maintain the possession of the office, and made upon his part solely by reason and on account of the threats and preparations made by plaintiff; that at noon, upon January 8, 1900, the day and hour when the newly elected officer was to enter upon the discharge of his duties, Scott made demand upon Sheehan to surrender possession, and, upon his refusal so to do, Mr. Scott's legal adviser told him to take possession. The result is summed up in the finding of the court as follows: "That thereupon a number of persons in confederation with plaintiff, Joseph H. Scott, acting under the orders of said Scott, and the said Scott himself, jumped over the counters and chairs in the tax-collector's office and struck, beat, bruised, and maimed a number of men in the occupation of said office, by the leave and upon the direction of the defendant Edward I. Sheehan, and undertook

to take possession of said office and maintain such possession by force, and to drive out said Sheehan, his deputies and the other persons in said office by leave of said Sheehan. The said Joseph H. Scott and a number of other persons acting under his orders and by his directions, did from shortly after noon until the surrender of the occupation of the rooms of tax-collector, by and in pursuance of the injunction as hereinafter alleged, occupy and hold by force a portion of one of the rooms of said tax-collector. Whatever possession the plaintiff had of either of said rooms, or said office, before the time of the service upon the defendant of the injunction was had and procured by force in the manner above stated and against the will and contrary to the desire of the defendant.'' In this situation of affairs Scott sued to enjoin Sheehan from interfering with him in the conduct of his office, averring that upon the 8th of January, at the hour of noon, he had entered upon the discharge of his official duties, and at the time of the commencement of the suit still was the incumbent of the office, and acting *de facto* tax-collector. The court found that the plaintiff Scott was in possession of the office at the time of the commencement of the action. It is contended that this finding is contrary not only to the evidence, but to the finding above quoted. It is of course well settled that the possession of an office does not depend upon the mere physical possession of the rooms and appurtenances ordinarily used in the performance of the duties. Yet, in many instances, as in this, such possession is convenient, if not necessary, to the orderly performance of the duties which pertain to the office. It is of course equally well settled that in an action such as this, the title to the office is not involved and cannot be inquired into. In view of the decision of this court, to which reference has been made, deciding that Scott was ineligible to fill the office, and in view of the further fact that the term of office has long since expired, it becomes a question purely of academic interest to review the conflicting evidence and to decide whether or not Scott had such possession of the office as to have justified the court in enjoining Sheehan from interfering with him in the performance of his duties. Sheehan having taken all proper steps to resist Scott's claim and attempted intrusion, has not of course imperiled nor lost any of his legal rights. But, as is said in *Sullivan* v. *Haacke,*

5 Ohio N. P. Rep. 26: "How futile then to urge the court to adjudge that the plaintiff has been removed. Can the court so adjudge without first trying the question of title and determining that the title is in the defendant? Clearly no; to find that the defendant has been removed necessarily decides the question of title, and this cannot be undertaken here." So in this case it cannot be said that there was not sufficient evidence before the court to justify its finding that Scott had entered upon the discharge of the duties of the office, and, that being so, it was proper to enjoin the defendant from interfering with the plaintiff. While obeying the injunction, as has been said, .the defendant sacrificed none of his legal rights.

The judgment and order appealed from are affirmed.

McFarland, J., and Lorigan, J., concurred.