[No. 29213. Department One. February 4, 1944.]

THE STATE OF WASHINGTON, *on the Relation of Lew Brown, Respondent,* v. GERTRUDE BLEW, *as Auditor of Whitman County, Appellant.*[1]

[1]Reported in 145 P. (2d) 554.

*Claude Irwin* and *Thomas R. Kimball,* for appellant.

*Abrams & McCush, amici curiae.*

GRADY, J.—This is a mandamus proceeding brought to require the county auditor of Whitman county to issue a warrant in payment of the claim of Lew Brown, the court reporter for the superior court, for services rendered in that capacity. The court entered an order directing the auditor to allow the claim and to draw a warrant in payment thereof, from which order this appeal has been taken.

For sometime past, Lew Brown has been the duly· appointed, qualified, and acting court reporter for the superior court of Washington for Whitman county, pursuant to chapter 126 of the Laws of 1913, p. 386, as amended by chapter 42, Laws of 1921, p. 147, and chapter 69 of the Laws of 1943, p. 126 (Rem. Supp. 1943, § 42-1 *et seq.*). The compensation provided for in the act of 1913 is upon a *per diem* basis. By chapter 69 of the Laws of 1943, p. 127, § 2 (Rem. Supp. 1943, § 42-3), the compensation is upon a monthly basis. The auditor declined to issue a warrant for services rendered after the taking effect of chapter 69 of the Laws of 1943 upon the theory that the court reporter is a public officer, and to compensate him on a monthly basis would offend § 25 of Art. II of the state constitution, which is as follows:

"EXTRA COMPENSATION, PROHIBITED.—The legislature shall never grant any extra compensation to any public officer, agent, servant, or contractor after the services shall have been rendered or the contract entered into, nor shall the compensation of any public officer be increased or diminished during his term of office."

The question for the court to determine on this appeal is whether a court reporter of a superior court is a public officer. The provisions of chapter 126 of the Laws of 1913, as amended by the subsequent enactments above referred to, in so far as are necessary to be considered here, are to the effect that:

(1) A judge of the superior court is required to appoint a stenographer to be attached to the court holden by him.

(2) Such stenographer shall be designated and known as the official reporter for that court and shall thereupon become an "officer of the court."

(3) The reporter shall hold office during the term of the judge appointing him, but may be removed for incompetency, misconduct, or neglect of duty.

(4) The reporter must take an oath to perform faithfully the duties of his office, and file a bond for the faithful discharge of his duties.

(5) The reporter shall attend every term of the superior court at such times as the judge may direct.

(6) Upon request of either party to any cause being tried, or upon his own motion, the judge shall cause the reporter to attend and make shorthand notes of the proceedings had and file them in the office of the clerk.

(7) Upon request of the court or either party, the reporter must make, or cause to be made, a typewritten transcript of his notes and certify to the same, which is deemed *prima facie* to be a correct statement of all of the proceedings.

(8) In certain counties the reporter shall act as amanuensis to the court.

A number of cases from other jurisdictions have been cited in which the status of a court reporter was brought before the courts for determination and, while the statutes

of the various states providing for the appointment of a court reporter are of similar import, there is a sufficient difference between them as to cause the courts, in construing and applying them, to refer to a court reporter as a "public officer," a "local officer," an "officer of the court," an "officer," a "state officer," an "official of the court," and an "officer under the laws of this state." A citation and analysis of each of these cases would serve no useful purpose because the respective courts did not discuss the question involved with reference to those elements and tests generally recognized in determining whether one is a public officer, and we have not found them of any substantial aid in reaching a decision in this case. Other cases holding that a court reporter is not a "public officer" are, likewise, of no aid for the same reason. Some of the courts make the assertion that, under the particular statute before them, the court reporter was or was not "invested with some portion of the functions of the government to be exercised for the benefit of the public"; and, to that extent, they are in conflict and afford us no aid. We shall, therefore, endeavor to work out the problem before us independently of such cases.

■ The text writers and the courts have found it difficult, if not impossible, to formulate a definition of a "public officer" that will be general in its application, but have been content to recognize certain fundamental principles and tests which have served as a guide in determining whether one, in a particular situation, is a public officer. Our investigation and study leads us to Mechem on Public Officers, pp. 1-9, §§ 1-20, 46 C. J. pp. 922-924, §§ 2, 3, under the title of "Officers," and our own cases: *State ex rel. McIntosh v. Hutchinson,* 187 Wash. 61, 59 P. (2d) 1117, 105 A. L. R. 1234; and *State ex rel. Johnston v. Melton,* 192 Wash. 379, 73 P. (2d) 1334, and the cases therein cited, where we find the following, p. 384:

" 'Because of the variety of meanings or shades of meaning in which the terms "office" and "officer" may be employed, in determining whether or not a given employment

is an office within the meaning of a particular statute or other written law, each case must be determined by a consideration of the particular facts and circumstances involved, and of the intention and subject matter of the enactment. The nature of the duties, the particular method in which they are to be performed, the end to be attained, the depositary of the power conferred, and the whole surroundings, must all be considered when the question as to whether a position is a public office or not is to be solved.

" ' . . . The distinguishing characteristic of a public officer is, that the incumbent, in an independent capacity, is clothed with some part of the sovereignty of the state, to be exercised in the interest of the public as required by law.' "

In *State ex rel. McIntosh v. Hutchinson, supra,* after referring to certain cases, we said, p. 63:

"A leading case on the subject is that of *State ex rel. Barney v. Hawkins,* 79 Mont. 506, 257 Pac. 411, 53 A. L. R. 583. Most of the authorities bearing upon the subject are there cited and analyzed and the Montana court said:

" 'After an exhaustive examination of the authorities, we hold that five elements are indispensable in any position of public employment, in order to make it a public office of a civil nature: (1) It must be created by the Constitution or by the legislature or created by a municipality or other body through authority conferred by the legislature; (2) it must possess a delegation of a portion of the sovereign power of government, to be exercised for the benefit of the public; (3) the powers conferred and the duties to be discharged must be defined, directly or impliedly, by the legislature or through legislative authority; (4) the duties must be performed independently and without control of a superior power, other than the law, unless they be those of an inferior or subordinate office created or authorized by the legislature and by it placed under the general control of a superior officer or body; (5) it must have some permanency and continuity and not be only temporary or occasional. In addition, in this state, an officer must take and file an official oath, hold a commission or other written authority, and give an official bond, if the latter be required by proper authority.' "

Applying these principles to chapter 126 of the Laws of 1913 and the amendments thereto, we reach the con-

clusion that, while a court reporter may fall within elements numbered (1) and (5) quoted above, essential parts of the other enumerated elements are lacking. The act does not delegate to him "a portion of the sovereign power of government, to be exercised for the benefit of the public."

No powers are conferred upon the court reporter nor are the duties he is to perform defined. He performs no independent duties, but attends court when directed, takes notes of the oral testimony, exceptions taken, and other oral proceedings had, except when the judge and attorneys dispense with his services with respect to any portion of the proceedings therein, and transcribes, or causes his notes to be transcribed, if the court, or either party to the suit or action, or his attorney, requests a transcript thereof. He may be removed by the judge for incompetency, misconduct, or neglect of duty. In certain counties he does the stenographic work required by the judge.

Although the act of 1913 provides that the reporter is an officer of the court, this designation alone is not sufficient to make him a public officer. Attorneys at law are officers of the court, also others who render assistance to the judge or the court over which he presides in the performance of his duties. They are often designated as officers of the court, but they are not public officers.

We think it very clear that, when the various elements of a public office and the characteristics of a public officer are considered in connection with the act of 1913 and its amendments, a court reporter is not a public officer, but is an employee designated as an officer of the court, and that the compensation to be paid can be lawfully changed by the legislature so as to be applicable to a court reporter serving when the act of 1943 became effective.

The judgment is affirmed.

SIMPSON, C. J., BEALS, STEINERT, and JEFFERS, JJ., concur.