346 A.2d 304

COMMONWEALTH ex rel. Patrick J. TOOLE, Jr., District Attorney of Luzerne County, Joseph S. Tirpak, Intervenor, Appellant,

v.

Stephen YANOSHAK, Appellee.

Supreme Court of Pennsylvania.

Argued Jan. 21, 1975.

Decided Oct. 3, 1975.

Chester B. Muroski, Charles P. Gelso, Thomas J. Glenn, Jr., Malcolm M. Limongelli, Wilkes-Barre, for appellant-intervenor.

Stephen Yanoshak, Gilford Cappellini, Herman E. Cardoni, Sr., Wilkes-Barre, for appellee.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

This appeal challenges the validity of Section 602(b) of the County Code, Act of August 9, 1955, P.L. 323, § 602(b), 16 P.S. § 602(b). Appellant, Joseph Tirpak, contends that section is an unconstitutional infringement of his First Amendment rights.

Appellant was elected to the office of controller of Luzerne County for a term of four years commencing in January, 1974. From February, 1968, until December, 1973, he served as chief deputy recorder of deeds for Luzerne County, resigning that post when elected controller. On January 7, 1974, Stephen Yanoshak (appellee) refused to relinquish possession of the office to appellant contending appellant was ineligible to hold that position.

Appellant was granted leave to intervene as a party plaintiff in an action of quo warranto brought against appellee. A hearing was held before Judge Harry M. Montgomery, specially presiding, on April 8, 1974. On May 2, 1974, he held that appellee was lawfully occupying the office of controller and dismissed the complaint. This appeal followed.

Appellant, who served as chief deputy recorder of deeds until December 1973, is ineligible to hold the office of controller until December, 1975, if Section 602(b) is valid. *Commonwealth ex rel. Brothers v. McDowell*, 359 Pa. 304, 59 A.2d 169 (1948). Section 602(b) states:

"The . . . recorder of deeds . . . and their chief clerks or deputies, shall be ineligible, during their continuance in such office and for two years thereafter, to the office of county controller."

Appellant attacks the constitutional validity of Section 602(b) on several grounds. First, he argues that there is no compelling state interest to justify Section 602(b)'s infringement on his First Amendment rights.

▮ This Court has stated that the First Amendment protects freedom of political expression and activity and that the state must show a compelling interest in legislation restricting the exercise of such First Amendment rights. *Commonwealth ex rel. Specter v. Moak*, 452 Pa. 482, 307 A.2d 884 (1973). Since running for and holding political office are forms of political expression there must be a compelling state interest to uphold the validity of a restriction on holding political office. *Id.*

▮▮ Section 1720 of the County Code, Act of August 9, 1955, P.L. 323, § 1720, 16 P.S. § 1720, states in part: "The controller shall, at the end of each fiscal year, complete the audit, settlement and adjustment of the accounts of *all* county officers." (Emphasis added.) We agree with the trial court that in light of this duty, the obvious purpose of Section 602(b) is to prevent any of

the named officers, as well as their chief clerks or deputies, from being in the position of auditing their own books. The two year period corresponds with the two year statute of limitations for prosecuting public officials after they leave office. *See* Act of March 31, 1860, P.L. 427, § 77 *as amended,* 19 P.S. § 211. Unquestionably, the state has a compelling interest in protecting itself from official misconduct.

Appellant argues that his status as chief deputy recorder of deeds should not be determinative, but rather the actual functions that he performed as chief deputy recorder should control. He contends that because Section 602(b) intrudes on areas of expression protected by the First Amendment, it should be read narrowly so as to include the chief clerk or deputy only when he in fact exercises the duties of his principal (in this case the recorder of deeds) as he is authorized to do in case of a vacancy in the office, Act of August 9, 1955, P.L. 323, § 1305, 16 P.S. § 1305; or during the necessary or temporary absence of the principal office holder. Act of August 9, 1955, P.L. 323, § 408(a) *as amended,* 16 P.S. § 408(a). Unless one of these contingencies arises, appellant claims he is no different than any other employee.

██ We agree that:

"It has long been recognized that the First Amendment needs breathing space and that statutes attempting to restrict or burden the exercise of First Amendment rights must be narrowly drawn . . . ."

*Broadrick v. Oklahoma,* 413 U.S. 601, 611, 93 S.Ct. 2908, 2915, 37 L.Ed.2d 830, 839 (1973).

and that,

" 'even though the governmental purpose be legitimate and substantial, that purpose cannot be pursued by means that broadly stifle fundamental personal liberties when the end can be more narrowly achieved. The breadth of legislative abridgement must be view-

ed in the light of less drastic means for achieving the same basic purpose.' *Shelton v. Tucker,* 364 U.S. 479, 489, 81 S.Ct. at 252 (footnotes omitted)."

*Commonwealth ex rel. Specter v. Moak, supra,* 452 Pa. at 490, 307 A.2d at 889.

■ Even assuming, however, that in each case inquiry should be made concerning the actual duties performed by a particular chief deputy, such an inquiry does not help appellant's cause. Here appellant's duties were different from those of other office employees. He had a separate office area, was in charge of disciplining employees, signed the payroll for the office, signed requisitions for material, equipment, and furniture, and was in control of the office when the recorder of deeds was absent on vacation. It may be that he was closely supervised and directed in all of these activities by the recorder, but as chief deputy he was more than just another employee. He did, at various times, act in the name of the recorder of deeds, and it is the possible abuse of such a position at which Section 602(b) is directed.

Appellant also contends there are less drastic means of protecting the compelling state interest. He argues that in the case of a row officer, or his chief clerk or deputy, subsequently elected controller, the statute of limitations could be two years from the time his term as controller expires. This argument is untenable. If either a row officer, or his chief clerk or deputy, was guilty of some misconduct, he would have the opportunity to cover it up for four years during his first term as controller; eight years if elected to a second term; plus two more years under the suggested statute of limitations. After such a period, which could be as long as ten years, the misconduct, if any, may never come to light.

Appellant also contends that any existing compelling state interest was fully protected in the present case because the controller has in fact audited the recorder of deeds office since appellant resigned as chief deputy.

Because one audit has been performed does not mean that the state's interest has been fully protected. Conducting an audit is not like checking to see if the light switch is on or off. In that instance one check would be adequate. An audit on the other hand, is a painstaking operation often requiring the checking of hundreds or thousands of documents. Subsequent audits frequently reveal discrepancies which went unnoticed in prior audits. Moreover, appellant himself argues that the audit performed by the controller's office is probably ineffective for the discovery of any alteration of the books or embezzlement.

Appellant also argues that the annual audit conducted by the state auditor general's office is sufficient to protect the state interest, particularly since the audit performed by the controller's office is, according to appellant, ineffective. We feel it is a valid legislative judgment that there be more than one annual audit, the second acting as a check on the first. Such dual audits represent the minimum that must be done to assure that the state's interest in protecting itself from official misconduct is fully protected.

We also find no merit in appellant's contention that there is no conflict of interest because of the alleged ineffectiveness of the audit. The alleged failure of a controller to properly perform his statutory duties can hardly be a valid reason for ignoring the purpose of Section 602(b). Section 1720 cannot be read to direct or approve the conducting of an ineffective audit.

██ Having examined each of appellant's contentions and found them without merit, we cannot say that the limited two year restriction is any longer than necessary to protect the state's compelling interest.

Order affirmed.

JONES, C. J., did not participate in the consideration or decision of this case.