[No. 7926–1–III.   Division Three.   June 25, 1987.]

C. LYNN SMITH, *Respondent,* v. THE BOARD OF WALLA WALLA COUNTY COMMISSIONERS, ET AL, *Appellants.*

*Tom Scribner* and *Minnick, Hayner & Zagelow,* for appellants.

*Albert J. Golden* and *Golden & Knowlton,* for respondent.

THOMPSON, A.C.J.—The Walla Walla County Auditor

obtained a writ of mandamus from the superior court ordering the Walla Walla County Commissioners to reinstate and fund an accountant position in his office. The County has appealed. We reverse.

In June 1983, the Walla Walla County Commissioners adopted a resolution authorizing the County Auditor, C. Lynn Smith, to hire an accountant. Gary Molsness was hired for that position in September 1983. The creation of the position was deemed necessary because of problems identified by the State Auditor's office concerning the efficiency of the Walla Walla County Auditor's performance of his statutory duties.

In 1985, the County was facing budget problems, and the Commissioners decided they needed to employ someone to aid them in coordinating budget matters. In December 1985, the Commissioners unanimously adopted the 1986 budget which eliminated four full–time County employee positions. One of those positions was the accountant in the Auditor's department. The budget also provided for the formation of a new Administrative Services Department with one employee, the administrative services coordinator/ budget director. Mr. Molsness, the accountant in the Auditor's office, was immediately hired by the Commissioners to fill the new budget director position. There were insufficient funds to hire both a budget director and an accountant in the Auditor's office. The Auditor opposed eliminating his accountant, insisting the position was needed to carry out his statutory duties.

Having failed to prevent the change, the Auditor filed an application for writ of mandamus with the Walla Walla County Superior Court on January 24, 1986. Following a hearing, the court granted the writ and denied the County's motion for reconsideration. The writ ordered the Commissioners to reinstate the accountant in the Auditor's office, and fund the position. Later, amended findings and conclusions and an amended judgment were signed, awarding the Auditor $5,375.38 in attorney fees to be paid from the

County general fund.[1] The County appeals.

First, Mr. Smith contends the appeal should be dismissed because the case is moot. Mr. Smith was defeated in the November 4, 1986 election and the newly elected Auditor does not plan to hire an accountant. Also Mr. Molsness resigned from his position effective October 31, 1986.

█ Moot cases may be reviewed where the issues involve matters of continuing and substantial public interest. *In re Myers,* 105 Wn.2d 257, 714 P.2d 303 (1986); *Sorenson v. Bellingham,* 80 Wn.2d 547, 558, 496 P.2d 512 (1972). We are persuaded this appeal should be decided on its merits because of the public nature of this controversy, and the need for a judicial ruling for future reference when similar challenges are made to the actions of county officers.

Additionally, the trial court awarded the Auditor attorney fees based on the "common fund" theory, *see Weiss v. Bruno,* 83 Wn.2d 911, 914, 523 P.2d 915 (1974), and the fees were to be paid from the County general fund; those fees have not yet been paid. One of the elements of the equitable "common fund" theory is "a successful suit brought by petitioners". *Weiss,* at 914. Thus, this court must reach the merits of the trial court's grant of the writ of mandamus to determine the continuing controversy over the award of attorney fees.

█ The central issue is whether the court erred in issuing its writ of mandamus. Mandamus may only be employed to compel discretionary acts of public officials when those officials have totally failed to exercise discretion, so that it can be said they acted in an arbitrary and capricious manner. *Aripa v. Department of Social & Health Servs.,* 91 Wn.2d 135, 140, 588 P.2d 185 (1978); *Benedict v. Board of Police Pension Fund Comm'rs,* 35 Wn.2d 465, 474–75, 214 P.2d 171, 27 A.L.R.2d 992 (1950);

---

[1] At oral argument it was revealed that after the County refused to pay his attorney fees from the general fund, the Auditor submitted a voucher for payment of those fees from the Auditor's budget. Again, the Commissioners refused payment.

*Fisher v. Clem*, 25 Wn. App. 303, 307, 607 P.2d 326 (1980). Once public officials have exercised their discretion, mandamus does not lie to force them to act in a particular manner. *Aripa; Lillions v. Gibbs*, 47 Wn.2d 629, 633, 289 P.2d 203 (1955); *Benedict; State ex rel. Farmer v. Austin*, 186 Wash. 577, 583, 59 P.2d 379 (1936).

The trial court found: the Auditor needed an accountant to fulfill his legal duties; the new position created by the County Commissioners could not fill this need because such a dual role was expressly prohibited by statute; the Board had a duty to provide the Auditor with sufficient funds to hire employees necessary to fulfill his legal responsibilities; the elimination of the position did not result in a tax savings; and the Auditor was not given an opportunity to help the budget deficit by reducing his budget without eliminating the accountant. It concluded the Board acted arbitrarily and capriciously and ordered the Board to reinstate the accountant position in the Auditor's office and fund it.

It is undisputed that the Board of County Commissioners have the authority to eliminate and establish employee positions in a county department, to reduce department budgets, and to create new departments. *See* RCW 36.32-.120(6); RCW 36.16.070; *see also Miller v. Pacific Cy.*, 9 Wn. App. 177, 179, 509 P.2d 377 (1973). There is also no dispute the County was facing a serious budget shortfall. The Board's acts in balancing the budget were clearly discretionary. Therefore, mandamus would be appropriate only if the Board's actions were properly found to be arbitrary and capricious.

The situation here is much like that in *State ex rel. Farmer v. Austin, supra*. There, the sheriff sought and obtained a writ of mandamus directing the Board of County Commissioners to reinstate and fund deputy sheriffs positions eliminated by the Board. The sheriff alleged, and the trial court apparently agreed, that the sheriff needed the positions to carry out his mandatory duties. The judgment was reversed, even though there was evidence the sheriff needed the deputies to carry out his work.

The court stated:

> It may be that the action of the majority of the board of county commissioners was improvident and ill–considered, but, if so, the remedy lies with the electors rather than in the courts. If it be assumed that the business of the sheriff's office will be hampered by the reduction in force, the harm will not be nearly as great as would be the consequences of the interference by the courts with the executive duties of the board of county commissioners, in whom is reposed the financial management of the county's affairs.

*State ex rel. Farmer v. Austin, supra* at 588.

■ Similarly, here the court found an accountant was necessary to carry out the duties of the Auditor's office. However, the accountant position is not required by statute. Thus, the Board has no legal duty to create or maintain the particular position reinstated by writ of mandamus. The Commissioners decided they needed a budget director and there was considerable discussion of the reasons for that decision. They followed the proper procedure for eliminating a position from the budget. As such, they correctly exercised, procedurally, what is conceded to be a discretionary function.

Also, the trial court's findings regarding whether the elimination of the position resulted in a tax savings, and whether the Auditor was given a "meaningful opportunity to propose budget reductions in his office" are questions upon which reasonable minds could differ; the decisions of the Board to the contrary were not arbitrary and capricious. Therefore, the only possible element of arbitrary and capricious action identified by the trial court is the overlap in duties identified as prohibited by statute.

RCW 36.22.110 prohibits "any other county officer or his deputy [to] act as auditor or deputy, or perform any of the duties of said office". The Auditor argues because the budget director was to provide accountant services when needed, because those are duties of the Auditor, and because the budget director is an employee of the Board of County Commissioners, the statute is violated.

■ The statute only prohibits "any other county *officer* or his *deputy*" from performing the duties of the "auditor or [his] deputy". (Italics ours.) The doctrine of incompatibility of offices, *see Kennett v. Levine,* 50 Wn.2d 212, 310 P.2d 244 (1957), contained in RCW 36.22.110 has no application where the person is not (1) an "officer" because no sovereign power is exercised, *i.e.,* no discretionary functions performed, *State ex rel. McIntosh v. Hutchinson,* 187 Wash. 61, 59 P.2d 1117, 105 A.L.R. 1234 (1936), or (2) where the person is not a "deputy". An employee such as the budget director is clearly not an "officer".

We also conclude an employee of the County Commissioners is not a "deputy". Although that term is not defined in the statute, its usual and customary meaning does not include the budget director position created by the County Commissioners. Black's Law Dictionary defines deputy as: "A substitute; a person duly authorized by an officer to exercise some or all of the functions pertaining to the office in the place and stead of the latter". Black's Law Dictionary 529 (4th ed. 1968). *Webster's Third New International Dictionary* 607 (1976) defines deputy as: "a person appointed, nominated, or elected as the substitute of another and empowered to act for him, in his name, or in his behalf . . . a second in command or an assistant who usu[ally] takes charge when his superior is absent". *See* RCW 36.16.070 ("A deputy may perform any act which his principal is authorized to perform"). *See also Wilbur v. Office of the City Clerk,* 143 Cal. App. 2d 636, 300 P.2d 84, 89 (1956); *Commonwealth ex rel. Brothers v. McDowell,* 359 Pa. 304, 59 A.2d 169, 170 (1948). The budget director did not occupy such a position vis-a-vis the County Commissioners. Because a mere employee is neither an officer nor a deputy, no dual role prohibition applies here.

The Auditor cites two early cases upholding injunctions barring county commissioners from contracting with private parties to perform duties specifically delegated by statute to another county officer. *See Northwestern Imp. Co. v. McNeil,* 100 Wash. 22, 170 P. 338 (1918); *Smith v. Lamp-*

*ing,* 27 Wash. 624, 68 P. 195 (1902). However, in both cases, a clear usurpation of statutorily defined duties was attempted. Here, the duties of the new position created by the Board are broad, including general coordination of budget, labor relations, project and grant administration, and risk management; these are not statutory duties of the auditor. *See* RCW 36.22.010 (duties of the auditor). That the budget director was to assist the Auditor in accounting matters was assumed, but no direct *authority* over the statutorily defined duties was contemplated. The budget director was to perform mere ministerial functions in aiding the Auditor rather than usurping discretionary duties. For these reasons, the above cases do not dictate a different result than we reach here.

The action eliminating the accountant position and creating a budget director cannot be said to be willful and unreasoning action, without consideration and in disregard of facts and circumstances because there is room for two opinions on the subject. *Bennett v. Board of Adj.,* 29 Wn. App. 753, 755, 631 P.2d 3 (1981); *Lillions v. Gibbs, supra* at 633. Therefore, it was not arbitrary and capricious. The trial court erred in granting the writ of mandamus ordering exercise of the Board's discretion in a particular manner.

We next dispose of the question whether the Auditor was entitled to an award of attorney fees from the County general fund. In the absence of a contract, statute, or recognized equitable exception, courts in Washington will not award attorney fees as part of the costs of litigation. *Blue Sky Advocates v. State,* 107 Wn.2d 112, 122, 727 P.2d 644 (1986); *State ex rel. Macri v. Bremerton,* 8 Wn.2d 93, 113–14, 111 P.2d 612 (1941). The Auditor relied upon *Weiss v. Bruno,* 83 Wn.2d 911, 914, 523 P.2d 915 (1974) as authority for an equitable award of attorney fees to be paid by his opponent based on the "common fund" doctrine. *Weiss* has been characterized as a narrow construction, in unique circumstances, of the doctrine, particularly applicable to the protection of constitutional principles. *See Miotke v. Spokane,* 101 Wn.2d 307, 340, 678 P.2d 803 (1984); *Seattle*

*Sch. Dist. 1 v. State,* 90 Wn.2d 476, 544, 585 P.2d 71 (1978); *PUD 1 v. Kottsick,* 86 Wn.2d 388, 391–92, 545 P.2d 1 (1976). The doctrine will be applied only if four very narrowly defined requirements are met:

1. *A successful suit brought by petitioner,*
2. Challenging the expenditure of public funds,
3. Made pursuant to patently unconstitutional legislative and administrative actions,
4. Following a refusal by the appropriate official and agency to maintain such a challenge.

(Italics ours.) *Miotke,* at 340.

■ Because we reverse the trial court's granting of the peremptory writ of mandamus, the Auditor has not been "successful". Thus, we reverse the award of attorney fees from the County general fund.[2] We also caution that we do not decide whether the Auditor would have been entitled to an award of attorney fees from the general fund under the common fund doctrine, even if successful. We also deny the Auditor's request for RAP 18.1 attorney fees on appeal.

GREEN and MUNSON, JJ., concur.

---

[2]By reversing the Superior Court's award of attorney fees from the County general fund, we do not mean the ex–Auditor must *personally* bear the cost of the litigation incurred while he was still in office. Counsel for the Walla Walla County Commissioners conceded at oral argument that if Mr. Smith submitted a voucher to the Commissioners for payment of attorney fees *from the Auditor's budget,* those fees would have to be paid. The attorney for Mr. Smith says that is exactly what happened, yet the Commissioners refused to sign the voucher. We are puzzled by this and assume counsel's concession of the point at oral argument will result in the fees being paid from the Auditor's budget.