606 A.2d 612

**In re Nomination Petition of Timothy F. HENNESSEY for Pennsylvania Representative in the General Assembly District 26, Chester County, Pennsylvania.**

Commonwealth Court of Pennsylvania.

Argued March 20, 1992.

Decided March 23, 1992.

Publication Ordered April 14, 1992.

Edward L. Kerner, for petitioner.

John G. Bravacos, for respondent.

NARICK, Senior Judge.

The Petitioner/Objector (Petitioner) has challenged the nomination petition of Timothy F. Hennessey (Hennessey) as a Republican candidate for the office of Representative in the General Assembly, District 26, Chester County, Pennsylvania.

The sole question presented is whether an assistant public defender is eligible to be elected for a seat in the Legislature under 16 P.S. § 9960.10. That section provides as follows:

> No public defender shall be *eligible to a seat* in the Legislature or to any other public elected office for which compensation is provided, under the laws and Constitution of the Commonwealth, excepting an office or commis-

sion in the militia of the Commonwealth during his continuance in office. (Emphasis added.)

Hennessey, in opposition, claims he is not the public defender, but is one of the approximately eighteen assistant public defenders. Further, that the alleged incompatibility for the office he seeks is not properly before the court at this time. Rather, the issue should be raised if he is elected as a representative. Hennessey stated he would resign his position as an assistant to the public defender if elected.

■ Upon consideration of the Petitioner's objections, the answer and new matter thereto, the arguments of counsel and the credible evidence, we find that Hennessey is a part-time assistant public defender appointed by the public defender and not by the county commissioners; that he is engaged in private practice of law which occupies approximately 70% of his working time; and that he receives an annual salary of approximately $24,000 along with fringe benefits while serving as an assistant public defender. Upon consideration of the relevant provisions of the controlling law, 16 P.S. § 9960.4, "The public defender shall be appointed by the Board of County Commissioners;" 16 P.S. § 9960.5, the appointed public defender is authorized to appoint full-time and part-time assistant public defenders, clerks, investigators, stenographers and attorneys that may serve on a part-time voluntary basis without compensation. Based on the words of the above-cited statutes which are clear and free from ambiguity, we find that only the appointed public defender and not the assistants "shall not be eligible to a seat in the Legislature ..." Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b). *Pennsylvania Labor Relations Board v. Teamsters Union Local No. 77*, 20 Pa.Commonwealth Ct. 410, 342 A.2d 158 (1975).

■ Further, assuming as contended by the Petitioner that the public defender and his deputies and assistants are barred from being eligible to a seat in the Legislature under Section 9960.10, it does not bar them from seeking to be elected to the office. The disqualification issue, if any, would be presented when the public defender and/or assist-

ants are elected. Accordingly, the issue is not properly before the court whether the public defender or his/her assistants would be eligible to a seat in the Legislature if elected. *Commonwealth ex rel. Brothers v. McDowell*, 359 Pa. 304, 59 A.2d 169 (1948). In that case, our Supreme Court, in considering a similar issue whether an assistant district attorney would be *eligible* to hold office of the controller stated:

The word "ineligible" as used in this section of the statute means ineligible to hold, or incapable of holding, the office of county controller, *rather than ineligible to be elected to the office.* (Citation omitted.) It is well settled as set forth in 46 C.J. sec. 32, p. 937: "... disqualifications provided by the legislature are construed strictly and will not be extended to cases not clearly within their scope...." (Emphasis added.)

For the foregoing reasons, we dismiss the petition to set aside the nomination petition of Hennessey.

## ORDER

AND NOW, this 23rd day of March, 1992, the petition/objection of Edward L. Kerner to set aside the nomination petition of Timothy F. Hennessey is hereby dismissed. The Secretary of the Commonwealth is directed to certify the name of Timothy F. Hennessey to the proper officials for inclusion on the ballot of the Republican Party at the primary election on April 28, 1992 as a candidate for the office of Representative in the General Assembly for the 26th Representative District of Chester County, Pennsylvania.

Further, the Prothonotary is directed to certify the parties hereto and their counsel of this order and also to certify a copy thereof to the Secretary of the Commonwealth.

Since we have dismissed the petition/objection, it is ordered that the costs of the proceedings, including the witness fees, is assessed against the petitioner/objector. 25 P.S. § 2937 provides in relevant part:

In case any such petition is dismissed, the court shall make such order as to the payment of the costs of the proceedings, including witness fees, as it shall deem just.