Honorable Fred A. Johnson Prosecuting Attorney Wahkiakum County P.O. Box 397 Cathlamet, WA 98612
Dear Prosecutor Johnson:
By letter previously acknowledged, you have asked whether RCW42.23.030 prohibits an individual from serving as a county commissioner and local health board member while his or her spouse serves as the administrative officer of the local health department. You also ask that we consider several related questions if RCW 42.23.030 imposes such a prohibition. We paraphrase your principal question as follows:
 Does RCW 42.23.030 prohibit a person from serving as a county commissioner and local health board member at the same time that his or her spouse serves as the administrative officer of the local health department?
Because we conclude that RCW 42.23.030 does not prohibit such service, we do not reach the related questions that you posed and do not set them forth in this opinion.
 BACKGROUND
Wahkiakum County is a noncharter county and its health department is a county health department. Under such circumstances, RCW70.05.030 provides that the board of county commissioners constitutes the local board of health. RCW 70.05.040 authorizes the local board of health to appoint an administrative officer. You advise that the Wahkiakum County Board of Health appointed an administrative officer under the above-noted statutes. Your question arises be cause a member of the local board of health and the administrative officer subsequently were married.
 ANALYSIS
RCW 42.23.030, the statute about which you inquire, generally prohibits a municipal officer from having a beneficial interest in a contract made by or under the supervision of the officer.[1] With certain exceptions not relevant here, RCW 42.23.030 provides:
 No municipal officer shall be beneficially interested, directly or indirectly, in any contract which may be made by, through or under the supervision of such officer, in whole or in part, or which may be made for the benefit of his or her office, or accept, directly or indirectly, any compensation, gratuity or reward in connection with such contract from any other person beneficially interested therein.
The community property interest that one spouse has in the earnings of the other constitutes a beneficial interest for purposes of a statute of this nature. State v. Miller, 32 Wn.2d 149,159, 201 P.2d 136 (1948). Thus, absent an applicable exception, RCW 42.23.030 generally precludes a municipal officer acting in his or her official capacity from entering into a contract employing his or her spouse. Consequently, if the administrative officer of the local health department receives his or her compensation by virtue of a contract of employment, that contract would be impermissible under the circumstances presented by your inquiry.
In AGO 1978 No. 22, this office considered a very similar question. There, this office was asked whether appointment of the spouse of a fire protection dis trict commissioner as secretary of the district violated RCW 42.23.030. Based on a determination that the secretary of a fire protection district is a public officer and not simply an employee, this office concluded that RCW 42.23
was not violated.
In this respect, AGO 1978 No. 22 explained that for purposes of RCW 42.23.030, there is a legally significant difference between a contract of employment and the holding a public office. Although an employee's right to compensation may arise by virtue of a contract, a public officer's right to compensation does not depend upon contract. Instead, it belongs to the officer as an incident of office. As AGO 1978 No. 22 states:
[Where, as here, the position involved is a public office (instead of an employment position) there consequently exists no employment contract to which the provisions of chapter 42.23 might attach. See, e.g., Bartholomew v. Springdale, 91 Wn. 408,157 P. 1090 (1916), quoting with approval from Throop on Public Officers, § 443, as follows:
 "`It has been often held, that an officer's right to his compensation does not grow out of a contract between him and the state, or the municipality by which it is payable. The compensation belongs to the officer, as an incident of his office, and he is entitled to it, not by force of any contract, but because the law attaches it to the office.'"
 It is our opinion, therefore, that whatever interest one spouse (who is a member of a municipal governing body) may have in the salary of the other (who holds another office within the same municipality), it is not an interest in a "contract . . . made by, through, or under the supervision of such officer . . ." within the meaning of chapter 42.23 RCW.
AGO 1978 No. 22 at 3.
For the reasons set forth below, we conclude that the administrative officer of a local health district is a public officer. Based on this determination and AGO 1978 No. 22, the interest that the administrative officer's spouse has in the administrative officer's salary is not an interest in a contract within the meaning of RCW 42.23.030.
In State ex rel. Brown v. Blew, 20 Wn.2d 47, 145 P.2d 554 (1944), the court identified and examined five indispensable elements to determine whether a particular position constitutes a public office. First, the position must be created by the constitution or by the Legislature or created by a municipality or other body through authority conferred by the Legislature. Second, the position must possess a delegation of a portion of the sovereign power of government, to be exercised for the benefit of the public. Third, the powers and duties must be defined, directly or impliedly by the Legislature or through legislative authority. Fourth, the duties must be performed independently, unless they are the duties of a subordinate officer created by the Legislature and placed under the control of a superior body or officer. Finally, the office must have some permanency and continuity and not be merely temporary or occasional.
When these elements are considered in the context of the responsibilities of an administrative officer of a local health department, it becomes evident that the position is a public office. First, the position is created by statute. See RCW70.05.040, authorizing the local board of health to appoint an administrative officer. Second, the administrative officer is delegated a portion of the sovereign power of the state to be exercised for the public benefit. In this regard, RCW 70.05.070
authorizes the local health officer[2] acting under direction of the administrative officer, to enforce public health statutes, regulations, and ordinances, to control and prevent the spread of dangerous diseases, to abate nuisances detrimental to public health, and to take other actions to promote the public health. Violation of an order made for the prevention, suppression, and control of dangerous, contagious, and infectious diseases by the administrative officer constitutes a misdemeanor. RCW 70.05.120. In addition to these statutes prescribing duties of the administrative officer, RCW 70.05.045 sets forth additional duties, including acting as the executive secretary of the board and administering its operations. Fourth, under these statutes, the administrative officer appears to have a significant degree of independence in performing many duties. In any event, however, the administrative officer is a subordinate officer in relation to the local board of health, making such independence unnecessary under the State ex rel. Brown v. Blew requirements. Finally, the position is one having permanency and continuity. It is not temporary or occasional.
We thus conclude that the administrative officer of a local health department is a public officer and we adhere to the reasoning and conclusion of AGO 1987 No. 22 the "interest one spouse (who is a member of a municipal governing body) may have in the salary of the other (who holds another office within the same municipality), it is not an interest in a `contract . . . made by, through, or under the supervision of such officer . . .' within the meaning of chapter 42.23 RCW".
We trust that this opinion will be of assistance to you.
Very truly yours,
CHRISTINE O. GREGOIRE Attorney General
MAUREEN HART Senior Assistant Attorney General
[1] For purposes of RCW 42.23.030, a municipality includes all counties, cities, districts, and municipal and quasi-municipal corporations, and a municipal officer includes all elected and appointed officers of the municipality. RCW 42.23.020. A county commissioner and member of the local county health board would be a municipal officer under this statute.
[2] The local health officer is an experienced licensed physician also appointed by the local board of health.